NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARIF ST. CLAIRE,** | **Civil Action No. 17-11848 (JLL)** |
| **Plaintiff,** | |
| v. | **OPINION** |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

**LINARES**, Chief District Judge:

Currently before the Court is the complaint (ECF No. 1) and application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1) of Plaintiff, Sharif St. Claire, raising claims against various prison officials pursuant to 42 U.S.C. § 1983. Based on Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and the Court will therefore grant Plaintiff's application to proceed *in forma pauperis*. As the Court is granting Plaintiff *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, are malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice as time barred.

## I.  BACKGROUND

Plaintiff, Sharif St. Claire, is a former state prisoner. (ECF No. 1 at 2-3). According to Plaintiff, he was placed back into prison based on a violation of parole on August 25, 2012. (*Id.* at 3). Plaintiff asserts that, upon his incarceration, he informed prison officials of mental health

issues which he had suffered throughout his life, which apparently included depression and schizophrenia. (*Id.*). In September 2012, Plaintiff began to hear voices whose commands were "uncontrollable," leading to him fighting with other inmates. (*Id.*). Plaintiff told medical staff about the voices, but received no treatment. (*Id.*). He was thereafter moved to solitary confinement following the fighting charge. (*Id.*). While there, Plaintiff continued to tell prison officials that he was hearing voices, and began to display odd behavior, ultimately resulting in his being moved to a different facility and placed under video monitoring. (*Id.*).

Plaintiff thereafter suffered a further mental break, repeatedly asked for help and received none, and began exhibiting serious psychological issues, resulting in his being moved to the Anne Klein Forensic Center in October 2012. (*Id.* at 5). While in Anne Klein, Plaintiff continued to deteriorate and received little in the way of real treatment. (*Id.* at 6-7). Plaintiff states that, after his mental issues went untreated, he was sent back to prison in November 2012, where he was threatened and mistreated by guards, continued to receive no medication or treatment for his mental issues, and continued to deteriorate mentally. (*Id.* at 7-8). A week later, he was moved to a dry cell, abused, and attacked by prison guards. (*Id.* at 8). According to Plaintiff, the abuse he suffered and lack of treatment resulted in his suffering a stroke, after which he was moved to a hospital for treatment including emergency brain surgery. (*Id.* at 9). At the hospital, he was apparently told that he was badly dehydrated, and was lucky to have survived. (*Id.*).

Plaintiff was thereafter sent back to prison in Trenton. (*Id.* at 9-10). Plaintiff continued to be mistreated and to not receive proper mental health treatment, but was moved to Northern State Prison ninety days later. (*Id.* at 10). In April 2013, Plaintiff again reported hearing voices and suffered a mental breakdown, resulting in his being placed back under video monitoring. (*Id.* at 11). Plaintiff continued to act out based on his mental problems for another twenty five days.

2

(*Id.*). Because Plaintiff's issues did not abate, he was then moved back to Anne Klein, where he finally received mental health treatment and medication, which apparently caused his mental health issues to abate. (*Id.*). Based on the facts alleged in Plaintiff's complaint, it appears that all of the mistreatment and abuse he alleges he suffered occurred in 2012 and 2013, and that he began receiving proper treatment in mid-2013. (*Id.* at 11-13).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the United States Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).[1]

## B. Analysis

In his complaint, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free of cruel and unusual punishment. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Plaintiff's complaint presents various claims arising under the Eighth Amendment including excessive force, deliberate indifference to medical needs, and claims for failure to treat his mental health issues. All of Plaintiff's claims, however, arise out of events that occurred

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

between August 2012 and mid-2013. Actions brought pursuant to 42 U.S.C. § 1983 in New

Jersey are subject to a two-year statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x

193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues and the statute of

limitations begins to run when the plaintiff knew or should have known of the injury upon which

its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

In this matter, Plaintiff raises claims based on abuse and failed treatments he received in

2012 and 2013. According to Plaintiff's complaint, Plaintiff recovered his faculties almost

"immediately" upon being transferred back to Anne Klein in mid-2013, and all of the events giving

rise to his claims occurred before that point. Plaintiff, then, was aware of his injuries at the latest

in mid-2013. Plaintiff's various claims had therefore accrued at that time. Plaintiff, however,

did not file his current complaint until November 20, 2017, some four years later. (ECF No. 1;

ECF Docket Sheet). Because Plaintiff's claims accrued in 2013, his two-year limitations period

expired more than two years before he filed his complaint. As such, and because this Court

perceives no basis for the tolling of the statute of limitations based on the facts presented in

Plaintiff's complaint, it appears that Plaintiff's § 1983 claims are time barred by more than two

years, and Plaintiff's complaint must be dismissed as such.[2] Because Plaintiff did not address the

time bar issue in his complaint, however, this Court will dismiss Plaintiff's complaint without

---

[2]     Throughout his complaint, Plaintiff repeatedly states that the doctors at the prisons who
treated him ignored his complaints or were otherwise negligent. To the extent Plaintiff wished
to also raise a state law medical malpractice or medical negligence claim in addition to his §
1983 claims, this Court declines to extend supplemental jurisdiction over those claims as the
Court is dismissing all of the claims over which it has original jurisdiction. *See* 28 U.S.C. §
1367(c)(3). Plaintiff is free to pursue those claims in state court if he so chooses. The Court
notes, however, that medical malpractice claims in New Jersey are also subject to a two-year
limitations period, and that any malpractice or medical negligence claim Plaintiff may have is
most likely also time barred. *See Troum v. Newark Beth Israel Med. Ctr.*, 338 N.J. Super. 1, 15-
16 (App. Div. 2001).

prejudice at this time, and will permit Plaintiff to file an amended complaint raising any basis for tolling of the statute of limitations he may have within thirty days.

## III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as time barred, and Plaintiff is granted leave to file an amended complaint raising any basis for the tolling of the statute of limitations he may have within thirty days. An appropriate order follows.

JOSÉ L. LINARES,
Chief Judge, United States District Court

Date:  November  28  , 2017