UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARIF ST. CLAIRE,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Civil Action No. 17-11848 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge

Currently before the Court is the amended complaint (ECF No. 4) of Plaintiff Sharif St. Claire raising claims against various prison officials pursuant to 42 U.S.C. § 1983. As the Court has previously granted Plaintiff *in forma pauperis* status (*see* ECF No. 3), this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's amended complaint as time barred.

## I. BACKGROUND

This Court summarized the Plaintiff's basic factual contentions in its previous opinion as follows:

> Plaintiff, Sharif St. Claire, is a former state prisoner. (ECF No. 1 at 2-3). According to Plaintiff, he was placed back into prison based on a violation of parole on August 25, 2012. (*Id.* at 3).

Plaintiff asserts that, upon his incarceration, he informed prison officials of mental health issues which he had suffered throughout his life, which apparently included depression and schizophrenia. (*Id.*). In September 2012, Plaintiff began to hear voices whose commands were "uncontrollable," leading to him fighting with other inmates. (*Id.*). Plaintiff told medical staff about the voices, but received no treatment. (*Id.*). He was thereafter moved to solitary confinement following the fighting charge. (*Id.*). While there, Plaintiff continued to tell prison officials that he was hearing voices, and began to display odd behavior, ultimately resulting in his being moved to a different facility and placed under video monitoring. (*Id.*).

Plaintiff thereafter suffered a further mental break, repeatedly asked for help and received none, and began exhibiting serious psychological issues, resulting in his being moved to the Anne Klein Forensic Center in October 2012. (*Id.* at 5). While in Anne Klein, Plaintiff continued to deteriorate and received little in the way of real treatment. (*Id.* at 6-7). Plaintiff states that, after his mental issues went untreated, he was sent back to prison in November 2012, where he was threatened and mistreated by guards, continued to receive no medication or treatment for his mental issues, and continued to deteriorate mentally. (*Id.* at 7-8). A week later, he was moved to a dry cell, abused, and attacked by prison guards. (*Id.* at 8). According to Plaintiff, the abuse he suffered and lack of treatment resulted in his suffering a stroke, after which he was moved to a hospital for treatment including emergency brain surgery. (*Id.* at 9). At the hospital, he was apparently told that he was badly dehydrated, and was lucky to have survived. (*Id.*).

Plaintiff was thereafter sent back to prison in Trenton. (*Id.* at 9-10). Plaintiff continued to be mistreated and to not receive proper mental health treatment, but was moved to Northern State Prison ninety days later. (*Id.* at 10). In April 2013, Plaintiff again reported hearing voices and suffered a mental breakdown, resulting in his being placed back under video monitoring. (*Id.* at 11). Plaintiff continued to act out based on his mental problems for another twenty five days. (*Id.*). Because Plaintiff's issues did not abate, he was then moved back to Anne Klein, where he finally

received mental health treatment and medication, which apparently caused his mental health issues to abate. (*Id.*). Based on the facts alleged in Plaintiff's complaint, it appears that all of the mistreatment and abuse he alleges he suffered occurred in 2012 and 2013, and that he began receiving proper treatment in mid-2013. (*Id.* at 11-13).

(ECF No. 2 at 1-3).

On November 28, 2017, this Court dismissed Plaintiff's original complaint in this matter without prejudice as time barred. (ECF No. 2-3). A month later, Plaintiff filed his amended complaint. (ECF No. 4). In his amended complaint, Plaintiff essentially repeats the factual assertions of his original complaint. (*Id.*). In addition to these factual allegations, however, Plaintiff also uses his amended complaint to assert that he has suffered from various mental illnesses throughout his life, has continued to suffer mental illness since he became cogent again in 2013, and was hospitalized for a few weeks in late 2017 because of his mental illness. (ECF No. 4 at 3-5). Plaintiff provides various documents that he asserts establish his continual state of mental illness, and through these documents argues that his statute of limitations should be tolled because of mental illness. (*Id.*; *see also* Documents 1-2 attached to ECF No. 4). Unfortunately for Plaintiff, the documents he has submitted only concern two periods of time – when he was in prison during the events in question, and during the period between May and December 2017 during which he was attending therapy and eventually became hospitalized. (*Id.*). Although the documents do suggest that Plaintiff suffers from schizophrenia, and has suffered for many years, they also state that his symptoms abate to some extent when he is properly medicated, and are silent as to his mental state and ability to understand his rights between 2013 and May 2017. (Documents 1-2 attached to ECF No. 4). Only two documents that Plaintiff has submitted cover

the period between 2013 and May 2017. In one, a doctor in East Orange states that Plaintiff has received treatment since 2015, but is otherwise silent as to Plaintiff's ability to understand his rights and recourses, and the other is a letter from Plaintiff's sister providing her personal opinion that Plaintiff is "Mentally Incompetent." (*Id.*). Although Plaintiff provides records showing that he has been on medications since 2014, he provides no information that would suggest that his being medicated affected his ability to understand his rights. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act, district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the United States Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

As this Court explained in its prior opinion,

> Plaintiff's [amended] complaint presents various claims arising under the Eighth Amendment including excessive force, deliberate indifference to medical needs, and claims for failure to treat his mental health issues. All of Plaintiff's claims, however, arise out of events which occurred between August 2012 and mid-2013. Actions brought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to a two year statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).
>
> In this matter, Plaintiff raises claims based on abuse and failed treatments he received in 2012 and 2013. According to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> Plaintiff's complaint, Plaintiff recovered his faculties almost "immediately" upon being transferred back to Anne Klein in mid-2013, and all of the events giving rise to his claims occurred before that point. Plaintiff, then, was aware of his injuries at the latest in mid-2013. Plaintiff's various claims had therefore accrued at that time. Plaintiff, however, did not file his current complaint until November 20, 2017, some four years later. (ECF No. 1; ECF Docket Sheet). Because Plaintiff's claims accrued in 2013, his two year limitations period expired more than two years before he filed his complaint.

(ECF No. 2 at 4-5). Because Plaintiff's claims accrued in 2013, Plaintiff's current amended complaint would be time barred unless Plaintiff could establish some basis for the tolling of the statute of limitations.

Because Section 1983 actions receive their limitations period from the forum state in which the events in question occurred, in this case New Jersey, the "general rule is that state tolling principles also govern § 1983 claims." *Kach*, 589 F.3d at 639. Thus, state tolling principles are applied unless those principles "contradict federal law or policy." *Id.*; *see also Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Because Plaintiff has presented no evidence that New Jersey's tolling principles are contrary to federal law or policy, this Court must apply state tolling principles to determine whether Plaintiff is entitled to tolling based on his mental illness. In New Jersey, personal injury actions may have their statute of limitations tolled if the plaintiff "has a mental disability that prevents the person from understanding his legal rights or commencing a legal action at the time the cause of action ... accrues." N.J.S.A. 2A:14-21. Under those circumstances, the statute does not resume running until the person has "the mental capacity to pursue the person's lawful rights." *Id.* Thus, it is not enough that a person suffers from mental illness, as he will only be entitled to tolling where his mental illness is so severe that it deprives him of the ability to

understand his legal rights. *Id.*; *see also Kelsey v. Cohen*, No. A-5051-10T2, 2012 WL 1672889, at *2 (N.J. App. Div. May 15, 2012) (to warrant tolling, a plaintiff must demonstrate "such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action") (quoting *Kyle v. Green Acres at Verona, Inc.*, 44 N.J. 100, 113 (1965)).

In his amended complaint, Plaintiff fails to provide evidence that shows that he was so mentally ill during the period between 2013 and November 2017 that he could not understand his legal rights or institute legal action. Although Plaintiff's sister understandably may well believe him to be mentally incompetent, her statement to that effect in her letter is little more than a bald assertion, unsupported by explanation or sufficient facts to show that Plaintiff could not understand his legal rights. The only factual assertions her letters provide are that she ensures Plaintiff takes his medicines, that she helps him take care of his personal hygiene and diet, and that she believes his mental state is worse now than before he entered prison. No real explanation is provided for this conclusion, nor does this conclusion explain how Plaintiff's mental state deprives him of an ability to understand his legal rights. Likewise, that Plaintiff continues to suffer from mental illness, while regrettable, is insufficient in and of itself to show that he is entitled to tolling of the limitations period – he must actually show that his illness inhibited his ability to understand his rights and thus prevented him from filing. The information Plaintiff has provided fails to show that Plaintiff was incapable of understanding his legal rights during the period between 2013 and 2017, indeed, the record Plaintiff has provided is devoid of information regarding Plaintiff's mental capacity to understand his legal rights or institute an action during this approximately four-

year period. Plaintiff has therefore failed to show that he is so mentally ill that he cannot understand his rights, and thus has not shown his entitlement to statutory tolling.

New Jersey law, however, also permits equitable tolling of the personal injury limitations period. *See Gunset v. Marsh*, No. 12-4735, 2013 WL 706195, at *3 (D.N.J. Feb. 25, 2013). The New Jersey courts permit equitable tolling only where "the complainant has been induced or tricked by his adversary's misconduct into allowing a filing deadline to pass," the plaintiff was "in some extraordinary way" prevented from asserting his rights, or where a plaintiff asserted his rights in a timely fashion in either a defective manner or the wrong forum. *Id.*; *see also Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. App. Div. 2002), *certif. denied*, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Gunset*, 2013 WL 706195, at *3 (quoting *Freeman*, 347 N.J. Super. at 31).

Here, Plaintiff has not shown trickery or the like. Instead, he relies entirely on his claim of mental illness. That claim, however, is insufficient to warrant tolling under the New Jersey statute that directly deals with such claims, and thus in turn is insufficient to warrant equitable tolling, as Plaintiff has not shown that his mental illness prevented him from understanding or asserting his rights between 2013 and 2017. Plaintiff has thus failed to establish his entitlement to tolling, and his amended complaint is therefore time barred and shall be dismissed as such. Because this Court is dismissing all of the claims over which the Court has original jurisdiction as time barred, this Court will also decline to exercise jurisdiction over any state law claims Plaintiff

also sought to bring in his amended complaint, such as negligence or negligent supervision claims raised under state law.  *See* 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the reasons stated above, Plaintiff's amended complaint (ECF No. 4) is dismissed as time barred.  An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

Dated:  January 25, 2018