**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARIF ST. CLAIRE,** | Civil Action No. 17-11848 (JLL) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

IT APPEARING THAT:

1. Plaintiff, Sharif St. Claire, filed his initial complaint in this matter on November 20, 2017, attempting to raise various claims regarding the medical and psychiatric treatment he received while detained at New Jersey State Prison and the Ann Klein Forensic Center between mid-2012 and mid-2013. (ECF No. 1).

2. On November 28, 2017, this Court entered an order and opinion screening Plaintiff's complaint and dismissing it without prejudice as time barred as it was filed more than two years after Plaintiff's claims accrued in mid-2013. (ECF Nos. 2-3).

3. On December 27, 2017, Plaintiff filed an amended complaint. (ECF No. 4).

4. On January 25, 2018, this Court entered an order and opinion dismissing Plaintiff's amended complaint with prejudice as time barred. (ECF Nos. 5-6). In that opinion, this Court explained to Plaintiff that his claims accrued when he recovered his mental faculties in 2013, that he had shown no basis for the tolling of the statute of limitations, and as such his filing of this matter approximately four years after his claims accrued required the dismissal of his claims with

prejudice, as the action was commenced years after the two year statute of limitations had expired. (ECF No. 5 at 5-8).

5. On February 20, 2018, Plaintiff filed a response to that order, which this Court construes as a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 7).

6. The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n.3 (D.N.J. 2011).

7. In his reconsideration motion, Plaintiff acknowledges that his claims accrued at the latest in July 2013, but argues that this Court should consider his complaint, which he filed more than four years later, timely because he had filed a previous civil complaint raising medical negligence claims against some of the Defendants named in this matter in state court in April 2015. (ECF No. 7 at 3). Plaintiff argues that, if given the benefit of the April 2015 date of his previous state court complaint, his claims would be timely as less than two years have passed between the

2

July 2013 accrual of his claims and his filing of his previous state court complaint in April 2015. (ECF No. 7 at 4).

8. Unfortunately for Plaintiff, this case did not begin in April 2015. Instead, in April 2015, he filed a civil complaint raising medical negligence claims against these Defendants in state court. (*See* Document 2 attached to ECF No. 7 at 23). As the documents Plaintiff has submitted with his motion clearly indicate, his state court complaint was dismissed as time barred in July 2015, and the New Jersey Appellate Division affirmed the dismissal of his complaint as time barred in January 2017. (*Id.* at 23-28). Because a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed . . . as the [dismissed] complaint is treated as if it never existed," *see Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005), that Plaintiff filed a civil complaint in state court in 2015 which was thereafter dismissed as time barred has no effect on the timeliness of Plaintiff's current federal complaint. Plaintiff has therefore not shown that he is entitled to a filing date of April 2015, and he is instead entitled only to the filing date this Court already attributed to him – the date on which he filed his current complaint in November 2017. As Plaintiff's complaint in this Court was filed in November 2017, more than four years after his claim accrued as explained in this Court's prior opinions, Plaintiff's current complaint is well and truly time barred. Plaintiff has thus failed to show that this Court's prior decision was based upon a clear error of law or fact, nor has he shown any other valid basis for the reconsideration, alteration, or amendment of this Court's prior judgment dismissing his complaint with prejudice as time barred, and Plaintiff's motion for reconsideration brought pursuant to Rule 59(e) must therefore be denied. *Blystone*, 664 F.3d at 415.

9. In conclusion, Plaintiff's motion for reconsideration brought pursuant to Rule 59(e) (ECF No. 7) is DENIED. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

Dated: February 27th, 2018